| | |
|---|---|
| 1 | Peter R. Afrasiabi (Bar No. 193336) |
| 2 | pafrasiabi@onellp.com<br>Alec P. Schulman (Bar No. 336491) |
| 3 | aschulman@onellp.com<br>**ONE LLP** |
| 4 | 23 Corporate Plaza, Suite 150-105<br>Newport Beach, CA 92660 |
| 5 | Telephone: (949) 502-2870<br>Facsimile: (949) 258-5081 |
| 6 | *Attorneys for Plaintiff,*<br>Michael Grecco Productions, Inc. |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EPISODE.NINJA, business forum unknown, STEVEN D. SANDERS, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-26<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Michael Grecco Productions, Inc. ("Grecco"), by and through its attorneys of record, complains against Episode.Ninja, business form unknown (Episode Ninja), Steven D. Sanders, and DOES 1-10, inclusive, (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants transact business in this Judicial District, Defendants interact with residents of this Judicial District, advertise in this Judicial District, and the injury suffered by Grecco took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.  Specifically, Episode Ninja has availed itself of the forum as its website is enjoyed by citizens of the State, Episode Ninja directs advertising to the state, and its privacy policy references the California Consumer Privacy Act, evidencing its intent to aggregate data on and transact business with Southern California Residents.

## PARTIES

4. Plaintiff Grecco is a photography studio and business owned and operated by photographer Michael Grecco and registered with the State of California on or around January 1, 1998.  Grecco is the successor by corporate name change from Michael Grecco Photography, Inc. to Michael Grecco Productions, Inc. on January 26, 2012.  Grecco is a California corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405.

5. Grecco is informed and believes and, upon such, alleges that Defendant Episode Ninja is a website, business forum unknown, Grecco will ask leave of Court to amend this Complaint and insert the true entity or form of said Defendants when the same have been ascertained.

6. Grecco is informed and believes and, upon such, alleges that Defendant Steven D. Sanders is the owner and operator of the website Episode.Ninja (Website). Sanders is Lead Application Developer at the Computer Networking Products Company Grid Connect and according to his Twitter page currently serves as Chief Technology Officer at a "bootstrapped donations startup". Upon information and belief, Sanders currently resides in Yorkville, Illinois.

7. DOES 1 through 10, inclusive, are unknown to Grecco, who therefore sues said Defendants by such fictitious names. Grecco will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Grecco is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Grecco's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff's Business and the Photographs Forming the*

*Subject Matter of This Dispute*

8. As part of its business as a prominent celebrity photography agency, Michael Grecco is hired by a multitude of top-tier media outlets, including certain Hollywood studios, to take photographs of celebrities. Michael Grecco has been asked to create and photograph iconic cover and portrait shots of legendary musicians, actors, directors, technologists, Olympians, fashion models, comedians, athletes and automobiles—such as Johnny Cash, Steven Spielberg, Will Smith, Joachim Phoenix, Penelope Cruz, Olympian Janet Evans, Martin Scorsese, Steve Martin, Chris Rock, the SnapChat Founders, and Porsche's legendary 911 sports

automobile. Michael Grecco has photographed for some of the most significant publications magazines in the world, from *Vanity Fair* to *Rolling Stone* to *ESPN Magazine* to *People* and *Forbes* and *Esquire* to name a few, as well as for iconic brands to advertise their products, such as his iconic Porsche photographs. Grecco then licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets. Grecco has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

9. Grecco has created many stylized and valuable photographs of celebrities. Among them are photographs of Jerry O'Connell, Charlie O'Connell, Kari Wuhrer and Cleavant Derricks during their tenure on the hit television show *Sliders*. *Sliders* gained a worldwide mass cult following between 1995 and 2000. The series follows a boy-genius Quinn Mallory, who unlocks the doorway to an infinite number of Earths. The group of travelers use this doorway as a wormhole to "slide" between different parallel universes as they attempt to find their way back home. Over the years, *Sliders* has become one of the most praised sci-fi shows of the 90's. The show has gained a cult following that rivals popular shows such as Stargate SG-1 and the Star Trek franchise.

10. Michael Grecco authored the iconic image of the characters Quinn Mallory, Maggie Beckett, Colin Mallory and Rembrandt Brown that *Sliders* fans immediately associate with the show. This iconic image has been licensed to media outlets for many thousands of dollars. This image ("Photo") is the image at issue in this dispute. In the marketplace, celebrity photos, such as the Photo, carry tremendous monetary value. Grecco licenses these images to various third parties to create highly sought-after feature spreads, among other things, on television, print, and online.

11. Grecco has timely obtained the copyright registration for the Photo with the United States Copyright Office. The Photo was registered before Defendants' copyright infringement of the same. *See* VA 2-064-693.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

*The Defendants and the Marketplace*

12. Defendant Episode Ninja is a privately owned website owned and operated by Defendant Sanders, that provides an online service which ranks the "best" episodes of a given TV show. Launched in 2017, Episode Ninja claims to aggregate publicly available data on a given Hollywood show and create a ranking system to find which episodes are truly the "best". It also claims to rank the "worst" episodes, "best" seasons and "best" episodes directed by a particular person across all shows.

13. Defendants' actively advertise in the forum and collect data on California residents. On the bottom of Defendants' website, they write "we are a participant in the Amazon Services LLC Associates Program, an affiliate advertising program designed to provide a means for us to earn fees by linking to Amazon.com and affiliated sites." This program targets California residents and advertises brands targeted to their interests. Even more, Defendants in their privacy policy share information regarding California consumers rights under The California Consumer Privacy Act of 2018.

14. Episode Ninja understands the immense value of intellectual property protections. Episode Ninja's owner and operator, Steven Sanders is a sophisticated and well-educated businessperson who serves as a Lead Application Developer at the Computer Networking Products Company, Grid Connect, and according to his Twitter page has currently been tapped to serve as Chief Technology Officer at "donations startup". Furthermore, Episode Ninja actively polices and vigorously protects their own intellectual property rights from infringement, as demonstrated by the '©' copyright notice featured at the bottom of the Website.

15. Still, despite its awareness of the importance of intellectual property rights, its potential to incur liability for the infringement of the same, and its sophisticated owner/operator, Episode Ninja infringed Grecco's copyright to the Photo. True and correct copies of the infringement are attached as **Exhibit A**, which

demonstrate that the Photo was, at least, reproduced, distributed and publicly displayed by Defendants, and, in addition, were further distributed by Defendants.

16. Plaintiff is informed and believes that Defendants have violated federal law by infringing Grecco's copyrights to at least the Photo identified in Exhibit A. Specifically, Defendants reproduced, distributed and publicly displayed the Photo, and/or derivatives thereof without permission, consent, or license.

17. Grecco has never sold or licensed the Photo to Defendants.

18. Plaintiff is informed and believes that Defendants have driven significant traffic to the Episode Ninja's website due to the presence of the sought after and searched for celebrity photograph that frames this dispute. Indeed, in a January 4, 2022 Twitter Post, Sanders shared that in 2021 Episode Ninja received "7.5 million pageviews (+20%), 4.4 million[] unique visitors (+22%), 2600 new registered users (+8%). . ." and revenue numbers "up 128%." All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a consequence of their infringing actions.

19. On June 3, 2022, Plaintiff attempted to contact Defendants, informing them of their copyright to the Photo and the consequences of Defendant's blatant infringement. Defendants never replied, prompting this action.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)**

20. Plaintiff Grecco incorporates herein by reference the allegations in paragraphs 1 through 19 above.

21. Grecco is the rightsholder to the copyright of the Photo, which substantially consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Grecco has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photo has been timely registered with the United States Copyright Office. *See* VA 2-064-693.

22. Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Grecco's copyright by reproducing, displaying, distributing, and utilizing the Photo for purposes of trade without authorization of or payment to Grecco in violation of 17 U.S.C. § 501 et seq.

23. Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Photo for purposes of trade, including by increasing the traffic to their websites and use of their services.

24. Defendants' unauthorized actions were performed without Grecco's permission, license, or consent.

25. Defendants' wrongful acts have caused, and are causing, great injury to Grecco, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Grecco will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Grecco seeks a declaration that Defendants are infringing Grecco's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Grecco's copyrights.

26. As a result of Defendants' wrongful acts alleged herein, Grecco has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

27. Grecco has identified at least one copyrighted work infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Photo on the Defendants' website. As such, Grecco is entitled to an award of statutory damages.

28. Alternatively, at its discretion, Grecco is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

29. Grecco is also entitled to its attorney's fees and costs in prosecuting this action.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Grecco requests judgment against Defendants as follows:

A. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Grecco's rights in the photograph at issue.

B. Defendants be held liable to Grecco in statutory damages for copyright infringement in accordance with 17 U.S.C. §§ 504 (a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

C. An accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Grecco's copyright pursuant to 17 U.S.C. § 504 (a)(1) and (b).

D. Requiring Defendants to account for and pay over to Grecco all profits derived by Defendants from their acts of copyright infringement and to reimburse Grecco for all damages suffered by Grecco by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

E. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

F. That Grecco be awarded any such other and further relief as the Court may deem just and appropriate.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Dated: January 4, 2023            **ONE LLP**

By: */s/ Peter R. Afrasiabi*
    Peter R. Afrasiabi
    Alec P. Schulman

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# DEMAND FOR JURY TRIAL

Plaintiff Grecco hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: January 4, 2023         **ONE LLP**

By: */s/ Peter R. Afrasiabi*
    Peter R. Afrasiabi
    Alec P. Schulman

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**